IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CARLA WILCOX                                                                          PLAINTIFF

vs.                                      Civil No. 6:16-cv-06027-BAB

NANCY A. BERRYHILL                                                                  DEFENDANT
Acting Commissioner, Social Security Administration[1]

**MEMORANDUM OPINION**

Carla Wilcox ("Plaintiff") brings this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act ("The Act").

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (ECF No. 6).[2] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed her disability application for SSI on December 11, 2012. (ECF No. 10, pp. 663, 829). In her application, Plaintiff alleges being disabled due to: a learning disability

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "ECF No. ___, p. ___."

1

and frozen shoulder. (ECF No. 10, p. 833). Plaintiff alleges an onset date of December 1, 2012. (ECF No. 10, pp. 663, 829). This application was denied initially and again upon reconsideration. (ECF No. 10, pp. 705-32).

Thereafter, Plaintiff requested an administrative hearing on her denied application, and this hearing request was granted. (ECF No. 10, pp. 787-91). Plaintiff's administrative hearing was held on May 15, 2014, in Little Rock, Arkansas. (ECF No. 10, pp. 679-700). Plaintiff was present via video teleconference and was represented by Nicholas Coleman. *Id.* Plaintiff and Vocational Expert ("VE") David Dellmore testified. *Id.* At the time of this hearing, Plaintiff was twenty-eight (28) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c). As for her level of education, Plaintiff earned a high school diploma. (ECF No. 10, p. 834).

After this hearing, on August 7, 2015, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (ECF No. 10, pp. 660-74). In this decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 11, 2012, her application date. (ECF No. 10, p. 665, Finding 1). The ALJ determined Plaintiff had the following severe impairment: borderline intellectual functioning. (ECF No. 10, p. 665-67, Finding 2). Despite being severe, the ALJ determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Part 404 ("Listings"). (ECF No. 10, pp. 667-69, Finding 3).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC"). (ECF No. 10, pp. 669-72, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to:

2

> light work as defined in 20 C.F.R. 416.967(b) except [she] is capable of lifting and carrying no more than twenty pounds at a time with frequent lifting and carrying of up to 10 pounds. Further, [she] can perform activities that require a good deal of standing or walking, up to six hours in an eight-hour workday. Moreover, [she] can never work at unprotected heights, around moving or dangerous machinery, or drive a vehicle. Additionally, [she] can never perform frequent overhead reaching with [her] left upper extremity. Furthermore, [she] is limited to performing unskilled work, which is work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote, involves few variables, requires little independent judgment, and the supervision required is simple, direct and concrete. Finally, [she] cannot perform any work requiring the taking of orders or making of change, such as a waitress or cashier.

*Id*.

The ALJ then determined Plaintiff had no Past Relevant Work ("PRW"). (ECF No. 10, p. 672, Finding 5). The VE testified at the administrative hearing regarding this issue. (ECF No. 10, pp. 695-99). Based on Plaintiff's age, education, work experience, and RFC, the ALJ determined there were jobs existing in significant numbers in the national economy Plaintiff could perform, such as a cleaner (housekeeping), which has a DOT code of 323.687-014, with approximately four hundred thousand (400,000) jobs in the national economy and four thousand (4,000) jobs in Arkansas, and as a document preparer, which has a DOT code of 249.587-018, with approximately sixty thousand (60,000) jobs in the national economy and five hundred (500) jobs in Arkansas. (ECF No. 10, pp. 672-73, Finding 9). Because jobs exist in significant numbers in the national economy which Plaintiff can perform, the ALJ also determined Plaintiff had not been under a disability, as defined by the Act, from December 11, 2012, through September 4, 2014, the date of the ALJ's decision. (ECF No. 10, p. 673, Finding 10).

Thereafter, on November 3, 2014, Plaintiff requested review of the hearing decision by the Appeals Council. (ECF No. 10, pp. 656-59). The Appeals Council denied Plaintiff's request on January 16, 2016. (ECF No. 10, pp. 5-11). On March 18, 2016, Plaintiff filed the present appeal

3

with this Court. (ECF No. 1). The Parties consented to the jurisdiction of this Court on March 23, 2016. (ECF No. 6). This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *see* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *see Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record to support the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *see Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *see Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *see Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. § 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D). A plaintiff must show his or her disability, not simply

his or her impairment, has lasted for at least twelve consecutive months. *see* 42 U.S.C. § 1382c(a)(3)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity ("RFC") to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove there are other jobs in the national economy the claimant can perform. *see Cox,* 160 F.3d at 1206; 20 C.F.R. § 416.920(a)(4). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *see* 20 C.F.R. § 416.920(a)(4)(v).

**3.     Discussion:**

In her appeal brief, Plaintiff raises five issues for appeal: 1) the ALJ failed to find Plaintiff's obesity and frozen shoulder syndrome were severe impairments; 2) the ALJ failed to find Plaintiff met listing 12.05(c); 3) the ALJ failed to explain the weight given to the opinions of the consultative examiners and explain why the opinions were not adopted; 4) the ALJ failed to resolve the conflict between the VE's testimony and the DOT, and; 5) the Appeals Council failed to consider additional evidence that was new, material, and related to the period on or before the date of the ALJ's decision. (ECF No. 11). Upon review of these claims, the Court agrees with Plaintiff that the ALJ

committed reversible error at step two of the sequential evaluation process and further failed to evaluate whether Plaintiff met Listing 12.05. Accordingly, the Court will only address these arguments for reversal.

At Step Two, a claimant has the burden of providing evidence of functional limitations in support of their contention of disability. *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Id.* (citing *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987); 20 C.F.R. § 416.922(a)). "If the impairment would have no more than a minimal effect on the claimant's ability to work, then it does not satisfy the requirement of step two." *Id.* (citing *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007)).

In the present case, the ALJ determined only one of Plaintiff's impairments was severe: borderline intellectual functioning. Plaintiff has argued the ALJ erred by failing to name Plaintiff's frozen shoulder syndrome and obesity severe impairments as well. Despite the ALJ's failure to identify, at step two of the sequential evaluation process, whether Plaintiff's frozen shoulder syndrome amounted to more than a slight abnormality that would not significantly limit Plaintiff's ability to do basic work activities, the ALJ accounted for the impairment in Plaintiff's RFC. The ALJ limited Plaintiff's RFC to work where she "can never perform frequent overhead reaching with her left upper extremity." (ECF No. 10, p. 669). While it is unclear which limitations the ALJ attributed to Plaintiff's obesity, the ALJ also assessed Plaintiff with exertion and environmental limitations. In many other circumstances, such an inconsistency may constitute only harmless error, because the ALJ must consider all of Plaintiff's impairments, even those which he determined were non-severe, throughout the disability determination process. 20 C.F.R. § 416.923. In the present

case, however, the inconsistency between Plaintiff's severe impairments and the ALJ's RFC determination is not harmless, as it is critical for determining whether Plaintiff's impairments met or medically equaled the criteria of Listing 12.05(c).

The claimant bears the burden of proving his impairment meets or equals the criteria for a specific listing. *Johnson v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004). "For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria." *Brown ex rel. Williams v. Barnhart*, 388 F.3d 1150, 1152 (8th Cir. 2004) (internal quotations and citation omitted). Furthermore, the question is whether the ALJ "consider[ed] evidence of a listed impairment and concluded that there was no showing on th[e] record that the claimant's impairments . . . m[et] or are equivalent to any of the listed impairments." *Karlix v. Barnhart*, 457 F.3d 742, 746 (8th Cir. 2006) (internal quotations omitted). While it is preferable an ALJ address a specific listing, the failure to do so is not reversible error if the record supports the overall conclusion. *see Pepper ex rel. Gardner v. Barnhart*, 342 F.3d, 853, 855 (8th Cir. 2004), *Dunahoo v. Apfel*, 241 F.3d 1033, 1037 (8th Cir. 2001); *see also Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011)("There is no error when an ALJ fails to explain why an impairment does not equal one of the listed impairments as long as the overall conclusion is supported by the record.").

In the present case, there is no evidence the ALJ considered the criteria of Listing 12.05(c). Listing 12.05(c) requires the following:

> Intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.

> . . .
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

20 C.F.R., Part 404, Subpt. P. App. 1 § 12.05(c). Dr. Spray administered the Wechsler Adult Intelligence Scale-IV on November 18, 2010, on which Plaintiff attained a full scale IQ of 70. (ECF No. 10, p. 904). Plaintiff's full scale IQ of 70, and the fact that the ALJ determined Plaintiff's other impairments resulted in both exertion and manipulative limitations to her RFC, seem to indicate Plaintiff met the criteria of Part C.

The question then turns to whether Plaintiff met the criteria of the orienting paragraph of Listing 12.05, whether the evidence demonstrates or supports onset of her impairment before age 22. 20 C.F.R., Part 404, Subpt. P. App. 1 § 12.05. Plaintiff testified she graduated high school but attended resource classes. (ECF No. 10, p. 683). Moreover, Plaintiff testified she received SSI benefits as a child and was only terminated due to incarceration. (ECF No. 10, pp. 683-84). Dr. Walz opined Plaintiff's social skills were fair but that she was immature for her age, her intellectual functioning was thought to be in the borderline range consistent with her diagnosis, her attention and concentration were impaired, her speed of information processing was slow, she appeared to have impairment in academic functioning, and she was unable to manage funds without assistance. (ECF No. 10, p. 968). Upon further review of the record, it becomes clear the ALJ did not have information before him regarding potential onset of Plaintiff's impairment before age 22.

The ALJ owes a duty to a claimant to develop the record fully and fairly to ensure her decision is an informed decision based on sufficient facts. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). In determining whether an ALJ has fully and fairly developed the record, the

proper inquiry is whether the record contained sufficient evidence for the ALJ to make an informed decision. *see Haley v. Massanari*, 258 F.3d 742, 748 (8th Cir. 2001). The ALJ is only required to develop a reasonably complete record. *See Clark v. Shalala*, 28 F.3d 828, 830 (8th Cir. 1994). In the present case, the record does not contain any information, apart from Plaintiff's own testimony, that onset of her impairment occurred before age 22. The ALJ should have known that reviewing such evidence was necessary for analysis of Listing 12.05(c) when he determined Plaintiff's borderline intellectual functioning was a severe impairment. Accordingly, I find the ALJ did not have sufficient information before him regarding potential onset of Plaintiff's impairment before age 22 to properly analyze her claim under Listing 12.05(c), and therefore erred in his duty to insure the record was fully and fairly developed. This error requires remand for further development of the record.

Upon remand, the ALJ shall acquire Plaintiff's school records and any other documentation or testimony which may be required to determine whether Plaintiff's borderline intellectual functioning included deficits in adaptive functioning initially manifested during the developmental period. The ALJ, moreover, shall clearly resolve the inconsistency between his determination that Plaintiff's frozen shoulder syndrome amounted to no more than a slight abnormality that would not significantly limit Plaintiff's ability to do basic work activities and his RFC determination which included manipulative limitations regarding Plaintiff's left upper extremity.

**4.  Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[3]  A

---

[3] No part of this remand should be interpreted as an instruction that disability benefits be awarded. Upon remand, the ALJ should further evaluate the evidence and make a disability

judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 12th day of September 2017.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

determination subject to this Court's later review.